UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CLERMON EUGENE ACKLIN, JR.**                                                               **PLAINTIFF**

**V.**                                    **NO. 4:19CV00892 KGB-JTR**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                               **DEFENDANT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Clermon Eugene Acklin, Jr. ("Acklin"), applied for disability benefits on November 20, 2017, alleging disability beginning on August 15, 2014.[1] (Tr. at 24). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 33). The Appeals Council denied Acklin's request for

---

[1] Acklin's date last insured is June 30, 2016, which means the relevant time-period for the determination of benefits is August 15, 2014 through June 30, 2016. (Tr. at 24).

review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Acklin has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II. The Commissioner's Decision:

The ALJ found that Acklin had not engaged in substantial gainful activity for the period beginning August 15, 2014 and ending June 30, 2016. (Tr. at 26). At Step Two, the ALJ found that Acklin had the following severe impairments: partial thickness rotator cuff tear, rotator cuff tendinosis, and acromioclavicular arthritis in the right shoulder, status post rotator cuff repair and subacromial decompression on December 17, 2009 and February 12, 2018, and post-traumatic stress disorder. *Id.*

After finding that Acklin's impairments did not meet or equal a listed impairment (Tr. at 27), the ALJ determined that Acklin had the residual functional capacity ("RFC") to perform work at the light exertional level, except that: (1) he must never climb ladders, ropes, or scaffolds and can only occasionally crawl; (2) he can only occasionally reach overhead with the right upper extremity; (3) he must avoid concentrated exposure to excessive vibration; and (4) he can have only occasional and superficial interaction with coworkers, supervisors, and the public. (Tr. at 28).

The ALJ found that Acklin was unable to perform any of his past relevant

work. (Tr. at 31). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Acklin's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as a price ticketer and a housekeeper. (Tr. at 33). Thus, the ALJ found that Acklin was not disabled. *Id*.

### III.   Discussion:

   A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning

of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Acklin's Arguments on Appeal

Acklin contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ did not properly evaluate or discuss Acklin's subjective complaints of pain. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Social Security Ruling 16-3p removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. 2016 SSR LEXIS 4 ("SSR 16-3p"); 20 C.F.R. §§ 404.1527, 404.927. SSR 16-3p became effective on March 28, 2016, and the

underlying analysis incorporates the familiar factors (previously described by ALJs as the *Polaski* factors) that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017); *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). Contrary to Acklin's argument, an ALJ does not err if he does not mention the *Polaski* case. An SSR 16-3p discussion suffices.

The familiar factors that guide an ALJ's analysis of subjective complaints are: objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

The ALJ in this case discussed the nature and location of Acklin's pain stemming from a right shoulder injury. (Tr. at 29-30). He referenced the objective imaging results that showed osteoarthritis with a rotator cuff tear, and he discussed relatively normal clinical examinations, with evidence of good range of motion and normal muscle strength. *Id*.; (Tr. at 266, 342-343, 602-614). Acklin said that pain

5

medication and topical lidocaine eased his pain. (Tr. at 55, 264). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

The ALJ also referenced, in multiple points throughout the decision, that Acklin could perform daily activities likes shopping, driving, attending church, and caring for his dog, which undermine his complaints of disability pain. (Tr. at 26-30; 57-60). These activities not only suggest physical stamina, but they suggest that Acklin's mental impairments were not as severe as alleged.[2]

Finally, the ALJ wrote about Acklin's work history: Acklin stopped work for reasons other than any compromise from his alleged impairments, and he was actively seeking employment during the relevant time-period, as well. (Tr. at 30, 179, 574-576, 591). And the ALJ explained why he imposed greater limitations in the RFC that even the disability determination services medical experts proposed, indicating he did give some credit to Acklin's subjective complaints. (Tr. at 30). The ALJ's decision was internally consistent.

## IV. Conclusion:

---

[2] Acklin alleged PTSD prevented him from working, but mental status examinations were generally normal, medication helped his condition, and he did not pursue specialized psychiatric treatment. (Tr. at 590, 612-627).

There is substantial evidence to support the Commissioner's decision that Acklin was not disabled. The ALJ properly considered Acklin's subjective complaints.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that judgment be entered for the Defendant.

DATED this 26th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE